**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:23-cr-00034 |
| Plaintiff, | : | Judge Michael J. Newman |
| v. | : | |
| TRAVIS E. TOWNSLEY, | : | |
| Defendant. | : | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On April 18, 2023, a grand jury in the Southern District of Ohio returned a three-count Indictment charging Travis E. Townsley (the "Defendant") in Count 1 with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).   (Doc. 21.)

The forfeiture allegation in the Indictment provided notice to the Defendant that the United States would seek the forfeiture, pursuant to 18 U.S.C. § 2253(a), of any unlawful visual depiction or property that contains such visual depiction as set forth in 18 U.S.C. § 2253(a)(1) and/or any property the Defendant used or intended to use to commit the offenses charged in the Indictment. (*Id.*)   The United States has identified the following property for forfeiture (the "subject property"):

- Apple iPhone 12 Pro Max, serial number G6TF5FTA0D42, IMEI 350141785561646; and

- Dell computer tower, Model D0lM, serial number CLQQVH1, black.

On or about August 15, 2023, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Indictment and agreed to

the immediate forfeiture of the subject property, pursuant to 18 U.S.C § 2253(a), as property that contains an unlawful visual depiction and/or property that the Defendant used or intended to use to commit the offense.  (Doc. 35.)   The Defendant entered a plea of guilty to Count 1 of the Indictment on October 25, 2023.   (Doc. 36.)

The subject property is forfeitable, pursuant to 18 U.S.C. § 2253(a)(1) and (3), as property that contains an unlawful visual depiction and/or property that the Defendant used or intended to use to commit the offense set forth in Count 1 of the Indictment.   The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 2253(a)(1) and (3).

2.      The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3.      In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.   Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv).   Publication is unnecessary if any exception in Supplemental Rule

G(4)(a)(i) applies.

4.      The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition.   The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5.      Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6.      Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7.      The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8.      In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the Judgment.   This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**IT IS SO ORDERED.**


Dated: 12/4/2023                        s/ *Michael J. Newman*
                                        HONORABLE MICHAEL J. NEWMAN
                                        UNITED STATES DISTRICT JUDGE

3